UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
K W, *an infant by her mother and*
*natural guardian, JW*; and J W, *individually*,

                    Plaintiffs,

    -against-

THE CITY OF NEW YORK,
NYC DEPARTMENT OF EDUCATION,
CARMEN FARINA, R P, *an individual*
*NYC Department of Education agent, servant,*
*and/or employee*, ABC CORPORATIONS 1-12;
XYZ CORPORATIONs 1-12,
JANE DOES 1-12, and JOHN DOES 1-12

                  Defendants.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**18 CV 5395 (ENV)(LB)**

**BLOOM, United States Magistrate Judge:**

      Relieved from representing plaintiffs in this matter, outgoing counsel Steven Mandel requests the Court's assistance in resolving his dispute with plaintiffs' present counsel Bryan Brockington. ECF No. 142. For the reasons set forth below, I respectfully recommend that Mr. Mandel's request should be granted in part.

## BACKGROUND

      On October 6, 2023, Mr. Mandel wrote a 'tell-all' account to the Court about his breakdown in relations with Mr. Brockington, formerly his associate at his firm, and stated his intent to move to be relieved as plaintiffs' counsel. ECF No. 117. Mr. Mandel's letter kicked off a series of back-and-forth letters filed by Mr. Mandel and Mr. Brockington that can only be described as a wholly inappropriate slugfest between these two attorneys. ECF Nos. 118–122, 125. On January 23, 2024,

I held a conference, during which I admonished the attorneys for their behavior and attempted to broker a resolution between them for the purposes of moving plaintiffs' case forward.[1]

During the conference, Mr. Mandel agreed that if Mr. Brockington paid plaintiffs' out-of-pocket costs which had been fronted by Mr. Mandel by a date certain, Mr. Mandel would not seek further fees by moving to impose a charging lien on the judgment. Moreover, Mr. Mandel would turn over all documents produced in discovery to Mr. Brockington.[2] See ECF Order dated January 23, 2024. I then relieved Mr. Mandel as counsel for plaintiffs and set deadlines for: Mr. Mandel to file invoices related to his firm's out-of-pocket costs on plaintiff's case; Mr. Mandel to turn over discovery documents to Mr. Brockington; and Mr. Brockington to file a status letter stating how he planned to pay Mr. Mandel for plaintiffs' costs. Id. Mr. Mandel filed the relevant invoices on February 8, 2024, ECF No. 126, and turned over the discovery in plaintiffs' case file on March 1, 2024, ECF No. 138.

However, Mr. Brockington did not file a status letter by the Court-ordered deadline. See ECF Order dated January 23, 2024. I warned Mr. Brockington that unless he filed a status letter forthwith, the Court would impose an appropriate sanction against him, as well as institute a charging lien for Mr. Mandel. See ECF Order dated February 26, 2024. Mr. Brockington filed a status letter on February 29, 2024, reporting that he was in contact with "three companies to secure funding" to pay Mr. Mandel for plaintiffs' costs. ECF No. 137. Mr. Brockington also disputed

---

[1] In my Order scheduling the January 23, 2024 conference, I invited plaintiff Whitehall to attend the conference but noted that her attendance was not required. See ECF Order dated November 28, 2023. I also directed Mr. Brockington, as plaintiffs' counsel, to file a letter confirming that he had received the Court's Order. Id. Mr. Brockington did not confirm receipt, and although Mr. Brockington appeared, plaintiff Whitehall did not attend the conference. The Court is troubled that throughout this prolonged dispute between incoming and outgoing counsel, it has not heard a word from plaintiffs. The litigation has focused exclusively on Mr. Mandel and Mr. Brockington's dispute, not plaintiffs' underlying case.

[2] Mr. Mandel and Mr. Brockington agreed that Mr. Mandel would provide all paper discovery and deposition transcripts but would not provide undisclosed attorney work product.

several of Mr. Mandel's invoices. Id. Mr. Mandel opposes Mr. Brockington's position on the issue. ECF No. 139.

I directed Mr. Brockington to file another status letter by March 20, 2024 confirming that he had arranged financing, and stating how and when he would pay Mr. Mandel for plaintiffs' costs. See ECF Order dated March 5, 2024. Mr. Brockington requested to extend the time to file the letter, which I granted. See ECF Order dated March 21, 2024. To date, Mr. Brockington has not filed the letter as I directed.

**DISCUSSION**

Mr. Brockington has repeatedly failed to comply with the Court's Orders and has not held up his end of the agreement reached before the Court on January 23, 2024. Therefore, I recommend that Mr. Mandel should be entitled to a charging lien.[3] "Discharged attorneys are…entitled to a charging lien on any monetary recoveries obtained by the former client in the proceedings in which the attorney had rendered legal services." Pardovani v. Crown Bldg. Maint. Co., No. 15-CV-09065, 2023 WL 5744283, at *2 (S.D.N.Y. Sept. 6, 2023) (citation and internal quotation marks omitted). "The Second Circuit has made clear that [N.Y. Judiciary Law § 475] governs attorneys' charging liens in federal courts sitting in New York, and such liens are enforceable in federal courts in accordance with its interpretation by New York courts." Stair v. Calhoun, 722 F. Supp. 2d 258, 267 (E.D.N.Y. 2010) (citation and internal quotation marks omitted). Under New York law, discharged attorneys are entitled to enforce their charging liens so long as they are not discharged

---

[3] It is unsettled in this Circuit whether magistrate judges have the authority to determine the amount of a charging lien. See Linde v. Arab Bank, PLC, No. 04-CV-2799, 2020 WL 5200924, at *1 (E.D.N.Y. Sept. 1, 2020) (noting that while the "Second Circuit has mostly stayed out of the fray" on the question of whether fees disputes are dispositive matters under Federal Rule of Civil Procedure 72 ("Fed. R. Civ. P"), "a recent non-precedential [Circuit] decision suggests" they are, and thus a magistrate judge may only recommend a proposed ruling on a charging lien); cf. Sutton v. New York City Transit Auth., 462 F.3d 157, 160 n. 1 (2d Cir. 2006) ("We are not certain whether [the MJ] had authority to determine the amount of the charging lien or only recommend a proposed ruling to the District Court").

3

for good cause or do not withdraw without good cause. Hill v. Baxter, No. 98-CV-4314, 2005 WL 465429, at *2 (E.D.N.Y. Feb. 7, 2005).

In relieving Mr. Mandel as plaintiffs' counsel, the Court found that Mr. Mandel's firm had moved to withdraw from the case for good cause.[4] Moreover, I unequivocally warned Mr. Brockington as plaintiffs' counsel that a charging lien would be imposed if he and Mr. Mandel could not resolve the dispute on their own.[5] I again warned that Mr. Mandel would be entitled to a charging lien in my Orders dated February 26, 2024 and February 27, 2024. Therefore, imposition of a charging lien in this matter is appropriate.

When a "fee dispute arises between former and subsequent counsel,…[t]he discharged attorney may elect to receive compensation immediately based on *quantum meruit* or on a contingent percentage fee based on his or her proportionate share of the work performed on the whole case. That right can only be limited by waiver or operation of law." Gonzalez v. Trees R Us Inc., No. 14-CV-7487, 2019 WL 4602704, at *6 (E.D.N.Y. Sept. 23, 2019). Attorneys are entitled to a "fair and reasonable value" of the services rendered, to be determined at the time of discharge. See Stair, 722 F. Supp. 2d at 268. However, "[w]here the attorney takes no action at the time of discharge or remains silent as to his election of the method by which fees should be determined,…the presumption should be that the contingent fee has been chosen." Louima v. City

---

[4] At the January 2024 conference and in his letter dated October 10, 2023, Mr. Mandel represented that he was willing to continue working on the case but that plaintiffs had "elected to no longer speak with [him]." ECF No. 118 ¶ 57.
[5] The potential fee dispute between Mr. Mandel and Mr. Brockington is essentially a state law attorney's fees claim that may have no connection to the underlying action in this case. See, e.g., Brettschneider v. City of New York, No. 15-CV-4574, 2020 WL 5984340, at *14 (E.D.N.Y. Aug. 25, 2020), report and recommendation adopted, No. 15-CV-4574, 2020 WL 5981681 (E.D.N.Y. Oct. 8, 2020) (finding that with limited exception, a dispute between incoming and outgoing counsel does not derive from a 'common nucleus of operative fact' with the underlying action and thus the Court lacks subject matter jurisdiction over the dispute). Therefore, the Court may not have jurisdiction to rule on such a dispute. Id. (finding the Court lacked subject matter jurisdiction over a dispute between two attorneys who were not party to the litigation); but see Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84 (2d Cir. 2010) (affirming district court's consideration of a fee-splitting agreement among various attorneys as appropriate pursuant to Local Civil Rule 83.2, which requires the Court's approval of any settlement or dismissal in a case brought on behalf of infants or incompetents).

of New York, No. 98-CV-5083, 2004 WL 2359943, at *80 (E.D.N.Y. Oct. 5, 2004), aff'd sub nom. Roper-Simpson v. Scheck, 163 F. App'x 70 (2d Cir. 2006) (summary order) (citation and internal quotation marks omitted).

Assuming this Report is adopted, Mr. Mandel should be given fourteen (14) days from the adoption to assert a charging lien based on a *quantum meruit* valuation of his services rendered in this action. Otherwise, Mr. Mandel should be entitled to a contingent percentage fee, to be determined at the end of this litigation, "when the amount of the recovery and the relative contributions of the lawyers to it can be ascertained[.]" Louima, 2004 WL 2359943, at *80; see also Gonzalez, 2019 WL 4602704 at *7 ("Where an election is not made or sought at the time of discharge, the presumption should be that a contingent fee has been chosen." (citation omitted)). After the election is made, Mr. Mandel can be terminated from the docket.

Nothing in this Report & Recommendation shall be construed as limiting the Court's authority to approve any settlement in this matter pursuant to Local Civil Rule 83.2. See Local Civil Rule 83.2(a) ("An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree."); see also Sulaymu-Bey v. City of New York, No. 17-CV-3563, 2020 WL 6709548, at *4 (E.D.N.Y. Oct. 13, 2020), report and recommendation adopted, No. 17-CV-3563, 2020 WL 6707486 (E.D.N.Y. Nov. 16, 2020) (finding that an agreement to resolve claims of minors require Court approval and collecting cases).

Finally, the Court reiterates its frustration that neither plaintiffs nor defendants are well served by this ongoing dispute between plaintiffs' outgoing and incoming counsel. Plaintiffs' case is serious: plaintiffs allege that K W was molested by a teacher in a school bathroom. Attorneys are ethically bound to act in the best interests of their clients. This satellite litigation is not in

5

plaintiffs' best interest, as it impedes the parties from litigating this matter or reaching a potential resolution in this case. The Court is disappointed that this dispute has detracted attention from the underlying action to the point of causing unnecessary delay, and that the time and energy spent thus far in resolving these attorneys' dispute could have been put towards moving this matter forward and potentially resolving plaintiffs' case.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that a charging lien should be imposed in this matter. If this Report is adopted, Mr. Mandel should be given fourteen (14) days to move for a charging lien based on a *quantum meruit* value of his services rendered. If no election is made, I recommend that the Court should determine the charging lien based on a contingent percentage fee at the conclusion of the litigation.

Mr. Brockington is directed to serve a copy of this Report & Recommendation on plaintiffs and to file proof of service forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 5, 2024
       Brooklyn, New York

7